## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| PLANET HOME LENDING, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> W. RICHARD HANTZ a/k/a WILLIAM R. HANTZ; ) <br> SEINI F. HANTZ a/k/a SEINI HANTZ a/k/a ) <br> SEINIS F. HANTZ; and VIRGIN ISLANDS BUREAU ) <br> OF INTERNAL REVENUE, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 2019-0066 |

**Attorneys:**
**Matthew R. Reinhardt, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Ronald E. Russell, Esq.,**
St. Croix, U.S.V.I.
    *For Defendants W. Richard Hantz a/k/a William R. Hantz*
       *and Seini F. Hantz a/k/a Seini Hantz a/k/a Seinis F. Hantz*

## **MEMORANDUM OPINION**

**Lewis, District Judge**

      THIS MATTER comes before the Court on Plaintiff Planet Home Lending, LLC's[1] "Motion for Summary Judgment" (Dkt. No. 85) against Defendants W. Richard Hantz a/k/a William R. Hantz and Seini F. Hantz a/k/a Seini Hantz a/k/a Seinis F. Hantz ("Defendants").[2] For the reasons

---

[1] On April 28, 2023, Oriental Bank filed a "Motion for Substitution of Plaintiff," explaining that it had assigned the Note and Mortgage at issue to SOL HOLDCO III B LLC, and SOL HOLDCO III B LLC had transferred its interest to Planet Home Lending, LLC. (Dkt. No. 104). On the same day, the Magistrate Judge granted the Motion for Substitution pursuant to Fed. R. Civ. P. 25(c). (Dkt. No. 105). For ease of reference, Oriental Bank and Planet Home Lending, LLC will be referred to collectively herein as "Plaintiff."

[2] On May 2, 2022, the Virgin Islands Bureau of Internal Revenue was voluntarily dismissed from the instant action. (Dkt. No. 97).

discussed below, the Court will grant in part Plaintiff's Motion for Summary Judgment.

## I.   BACKGROUND

On November 26, 2019, then Plaintiff Oriental Bank filed a Complaint against Defendants in this Court for a debt owed and for foreclosure of a mortgage on real property. (Dkt. No. 1). The Complaint alleges that on March 30, 2004, Defendants executed a promissory note (the "Note") in favor of the Bank of Nova Scotia ("BNS")[3] in the principal amount of $100,000, plus interest at the rate of 5.5% per annum in monthly installments of $567.79. *Id.* at ¶ 6. As security for the Note, Defendants also executed a mortgage (the "Mortgage"), on the same day encumbering the property described in the Warranty Deed as:

> Plot No. 46-C of Estate La Grange West End Quarter, St. Croix USVI, consisting of 0.476 U.S. acre(s), more or less, as further described on PWD Drawing No. 4775, dated June 8, 1992

(the "Property"). (Dkt. No. 1-2 at 1). The Complaint alleges that the Mortgage was recorded on March 30, 2004 with the Recorder of Deeds for the District of St. Croix. (Dkt. No. 1 at ¶ 8).

The Complaint further alleges that Defendants defaulted under the terms and conditions of the Note and Mortgage by failing to make monthly installments of principal and interest that became due. *Id.* at ¶ 10. By correspondence dated October 31, 2018, BNS gave notice of default to Defendants advising that failure to cure the default would result in acceleration of the debt and foreclosure of the Mortgage. (Dkt. No. 1-5 at 2). As of the date of the Complaint, the default was not cured; payment of the debt was accelerated; and Defendants remained in default. (Dkt. No. 1 at ¶ 12).

Plaintiff alleges that as of April 9, 2019, Defendants owed the sum of $99,308.67 consisting of a principal balance of $82,692.27; accrued interest of $6,443.17; costs of $4,942.71; fees of

---

[3] On August 7, 2020, the Magistrate Judge granted a "Motion for Substitution of Oriental Bank as Plaintiff" filed by BNS. (Dkt. No. 21).

$1,301.79; and reserve escrow of $3,928.73. *Id.* at ¶ 16. Plaintiff also alleges that during the pendency of this action and prior to the foreclosure sale of the Property, it may be required to pay real property taxes, insurance premiums, or other charges with respect to the Property, which becomes part of the principal indebtedness. *Id.* at ¶ 13. Plaintiff further asserts that it is entitled to recover its costs and fees, including reasonable attorneys' fees under the provisions of the Mortgage. *Id*.

Plaintiff seeks *inter alia*, judgment in its favor and against Defendants declaring that Defendants have defaulted under the terms of the Note and the Mortgage, thereby entitling Plaintiff to exercise all of the remedies provided by those documents; awarding the principal balance due on the Mortgage plus interest, other charges, costs, expenses, and attorneys' fees, plus any accrued interest until judgment is satisfied; declaring that the Mortgage forecloses the interests of all other lienholders subject only to statutory redemption rights; ordering that the Property be sold with any proceeds to be applied to the sums due to Plaintiff; and allowing for the recovery of any deficiency judgment against Defendants *Id*. at 8-9.

Defendants filed an Answer to the Complaint. (Dkt. No. 32). After an unsuccessful mediation, Plaintiff filed its "Motion for Summary Judgment" together with a Memorandum of Law and Affidavit of Proof (Dkt. Nos. 78, 87, 88). In its Statement of Undisputed Facts, Plaintiff asserts that Defendants executed the March 2004 Note for $100,000, bearing an interest rate of 5.5% per annum, with monthly installments due of $567.79. (Dkt. No. 88 at ¶ 6). Plaintiff also states that Defendants have been in default since December 9, 2017; BNS gave notice to Defendants that they were in default; and Defendants failed to cure the default. *Id.* at ¶¶ 10-11. Plaintiff presents an Affidavit of Indebtedness ("Affidavit") from Michelle Thomas ("Thomas"), Advisor, Retail Operations of Oriental Bank. (Dkt. No. 88-5). In the Affidavit, Thomas attests that Defendants defaulted under the terms of the Note and Mortgage by failing to pay the monthly installments that

3

became due on December 9, 2017 and subsequent payments. *Id.* at ¶ 9. In addition, the Affidavit sets forth the amount due and owing through April 19, 2022 as $146,730.72 consisting of a principal balance of $82,692.27; accrued interest from November 9, 2017 to April 9, 2022 of $20,087.53; costs of $5,722.71 (property inspection costs of $780.00 and Cenlar Legal Fees of $4,942.71); pre-acceleration late charges of $1,020.72; foreclosure expenses of $18,760.50; corporate legal fee of $250.00; accrued forbearance interest between September 2017 and June 2018 during the Hurricane Maria foreclosure moratorium of $1,137.02; and reserve escrow of $17,059.97.[4] *Id.* at ¶ 11. Thomas also asserts that interest accrues on the outstanding principal at 5.5% per annum, or at the per diem rate of $12.46 until the date of entry of judgment. *Id.*

On April 1, 2020, BNS filed a request for a 60-day stay due to a foreclosure moratorium for borrowers with Federal Housing Authority-insured Single Family Mortgages due to the impact of the COVID-19 pandemic. (Dkt. Nos. 12, 12-1). After the Magistrate Judge lifted the stay on October 19, 2020, Oriental Bank then requested another 60-day stay in December 2020 to complete loss mitigation review. (Dkt. Nos. 30, 34). The Magistrate Judge granted the stay, which was

---

[4] On May 17, 2023, the Court ordered Plaintiff to submit a filing to the Court to provide full titles for abbreviated titles and to identify with specificity what comprises the sums of $18,760.50 in "Foreclosure Expenses"; $250.00 in "Corp Lg Fee"; and $1,137.02 in "Int Forb Mar" as stated in its Affidavit. (Dkt. No. 106). On June 6, 2023, Plaintiff filed a Notice with the Court explaining that the "Foreclosure Expenses" constituted the prior servicer's foreclosure legal fees; "Corp Lg Fee" is an abbreviation for "Corporate Legal Fees" which is comprised of the prior servicer's internal legal fees; and "Int Forb Mar" is an abbreviation for "Interest Forbearance Maria" which represents the interest that had accrued between September 2017 and June 2018 while the loan remained in forbearance due to the Hurricane Maria foreclosure moratorium. (Dkt. No. 109). Plaintiff requests that the Court exclude from the Judgment the "Foreclosure Expenses" amount of $18,760.50 because Plaintiff "intends to file a separate and fully supported motion for costs and attorney fees after entry of judgment." *Id.* at 2. In its Notice, Plaintiff also states that it "offers to, and intends to, submit a supplemental Affidavit of Indebtedness providing balance breakdowns from its own internal business records as further clarification for the Court." *Id.* at 2-3. To date, Plaintiff has not submitted such a filing. Accordingly, the Court will determine the indebtedness due based on the Affidavit submitted by Plaintiff, along with Plaintiff's Notice to the Court.

4

subsequently lifted on July 7, 2021. (Dkt. Nos. 35, 41). To date, Defendants have not responded to the instant Motion for Summary Judgment.

## II. APPLICABLE LEGAL PRINCIPLES

To prevail on a motion for summary judgment, a movant must show that there is "no genuine dispute as to any material fact," and that, based on the uncontroverted facts, it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also King v. Police and Fire Federal Credit Union*, Civil Action No. 16-6414, 2019 WL 2226049 at *4 (E.D. Pa. May 22, 2019). Thus, the moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

In reviewing a summary judgment motion, the district court is required to view all facts "in the light most favorable to the non-moving party, who is 'entitled to every reasonable inference that can be drawn from the record.'" *Seamans v. Temple Univ.*, 744 F.3d 853, 859 (3d Cir. 2014) (citations omitted). In addition, "at the summary judgment stage, a court may not weigh the evidence or make credibility determinations; these tasks are left to the fact-finder." *Anderson v. Warden of Berks County Prison*, 602 F. App'x 892, 895 (3d Cir. 2015) (internal citations and quotation marks omitted).

The role of the court is to "determine whether there is a genuine issue for trial." *Stiegel v. Peters Twp.*, 600 F. App'x 60, 63 (3d Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (internal quotation marks omitted)). A genuine issue of material fact exists when the fact-finder, viewing the record evidence, could rationally find in favor of the non-moving party. *See Anderson*, 477 U.S. at 248.

"Generally, debt actions are well suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable

5

classes of cases for summary judgment." *Flagstar Bank, FSB v. Lyles*, Civil Action No. 2014-0105, 2017 WL 987448, at *3 (D.V.I. 2017) (internal quotation marks and citations omitted). To succeed in a debt and foreclosure action, the plaintiff must prove three elements: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 793 (2015); *see also Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 232 (V.I. 2013); 55 Am. Jur. 2d Mortgages § 604 (2019) (foreclosure requires a valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

Where there is no dispute that the mortgagor has failed to pay its obligations under the mortgage and the recorded mortgage is in a specified amount, summary judgment is appropriate. *See U.S. Bank National Association v. Chetty Limited Partnership*, Civil Action No. 17-5127, 2018 WL 4300949, at *4 (E.D. Pa. Sept. 10, 2018) (summary judgment is proper when debtor admits it has failed to pay the debt, and the recorded mortgage is in the specified amount); *Wilson v. Parisi*, 549 F. Supp. 2d 637, 655 (M.D. Pa. 2008) (same).

### III. DISCUSSION

Notwithstanding that Defendants elected not to respond to Plaintiff's Motion for Summary Judgment, the Court may not simply grant Plaintiff's Motion because "[t]he failure to respond to a motion for summary judgment does not automatically entitle the moving party to the relief sought." *Bates v. Laskiewicz*, Civil Action No. 10-2237, 2012 WL 32936, at *2 (D.N.J. Jan. 6, 2012) (citing *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990)). The moving party must show entitlement to such relief. *See* Fed. R. Civ. P. 56(e)(3) (providing that if a party fails to properly address an opposing party's factual assertions, the court may grant summary judgment "if

the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]").

Plaintiff has satisfied all of the requirements necessary to obtain summary judgment against Defendants. First, Plaintiff has submitted a copy of the Note, dated March 30, 2004, executed by Defendants, in which they promised to pay Plaintiff's predecessor in interest the principal sum of $100,000 together with interest at a rate of 5.5% per annum in monthly installments of $567.79. (Dkt. No. 88-2). Plaintiff also submitted a copy of the Mortgage, dated March 30, 2004, executed by Defendants to secure payment on the Note. (Dkt. Nos. 88-3, 88-4). Based on the foregoing, Plaintiff has shown that Defendants executed the Note and Mortgage. Accordingly, because there is no genuine dispute of material fact as to whether Defendants executed these documents, Plaintiff has satisfied the first requirement to succeed by summary judgment on a debt and foreclosure action.

Plaintiff has also satisfied the second requirement to succeed on a debt and foreclosure action. Plaintiff has provided evidence that Defendants are in default on the Note and Mortgage for failing to make payments due under those documents, and that it is entitled to foreclose on the Property. BNS sent a letter dated October 31, 2018 in which Defendants were advised that they were in default and were required to pay the past due amount or all amounts due could be accelerated and the Property sold. (Dkt. No. 88-6).

Finally, Plaintiff has satisfied the third requirement for a debt and foreclosure claim. Plaintiff asserts that it owns and holds the Note and Mortgage, copies of which were attached to the Motion for Summary Judgment. (Dkt. Nos. 88-2, 88-3, 88-4). The Note provides that "[i]f any monthly installment under this Note is not paid when due and remains unpaid after a date specified by a notice to Borrower, the entire principal amount outstanding and accrued interest thereon shall be at once due and payable at the option of the Note holder." (Dkt. No. 88-2). The Mortgage further provides that, upon default, Plaintiff has the right to foreclose on the Property; proceed with sale of

the Property; and recover from the proceeds of sale all money owed to Plaintiff, including any deficiency judgment. (Dkt. No. 88-3 at 6). Plaintiff has also submitted the Assignment of Mortgage showing that the Mortgage was subsequently assigned to Plaintiff. (Dkt. No. 104-3).

Based upon the Affidavit and documentation provided, Defendants are indebted to Plaintiff in the amount of $128,234.99 consisting of a principal balance of $82,692.27; accrued interest from November 9, 2017 to April 9, 2022 of $20,087.53; accrued interest from April 10, 2022 until the date of entry of Judgment of $5,457.48[5]; property inspection costs of $780.00; pre-acceleration late charges of $1,020.72; accrued forbearance interest between September 2017 and June 2018 during the Hurricane Maria foreclosure moratorium of $1,137.02; and reserve escrow of $17,059.97.

Although Plaintiff has shown how it calculated the amount of the Judgment, it has not provided the appropriate documentation to support the attorneys' fees requested which are labeled as "Cenlar Legal Fees" of $4,942.71; "Foreclosure Expenses" of $18,760.50; and "Corporate Legal Fees" of $250.00. While Plaintiff has listed such fees in its Affidavit, "[t]he information needed to support such a request includes an identification of the attorneys providing the legal services; a description of the services provided; the amount of time spent by counsel on the various tasks included in the services rendered; and the attorneys' hourly rate(s)." *Ditech Fin., LLC v. Mullen*, Civil Action No. 2012-0005, 2019 WL 6718666, at *4 (D.V.I. Dec. 9, 2019). Without proper documentation, the Court is unable to determine whether the amount of fees sought is in fact recoverable. Accordingly, the Court will deny, without prejudice, the portion of the recoverable balance itemized as attorneys' fees in the amount of $23,953.21. Except for the attorneys' fees issue, Plaintiff has properly shown its calculation of the Judgment.

---

[5] Plaintiff has established that interest accrues on the indebtedness at the per diem rate of $12.46 from April 10, 2022 up to and including the date of entry of Judgment. Accrued interest is therefore calculated as: $12.46 per diem rate $x$ 438 days = $5,457.48.

The Court finds that this evidence is sufficient to shift the burden to Defendants to "set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in [their] favor" regarding the debt and foreclosure causes of action. *Hart v. Electronic Arts, Inc.*, 717 F.3d 141, 148 (3d Cir. 2015). While Defendants answered the Complaint, they have not responded to Plaintiff's Motion for Summary Judgment. Thus, there is no challenge to any of the material facts contained in Plaintiff's Motion for Summary Judgment.

In view of the foregoing, the Court finds that there is no genuine issue of material fact regarding Defendants' liability on Plaintiff's debt and foreclosure causes of action. Because Plaintiff has satisfied the requirements for debt and foreclosure under Virgin Islands law, *see Brouillard*, 63 V.I. at 793, summary judgment is appropriate.

## IV.  CONCLUSION

For the reasons discussed above, the Court will grant in part Plaintiff Planet Home Lending, LLC's Motion for Summary Judgment (Dkt. No. 81) against Defendants W. Richard Hantz a/k/a William R. Hantz and Seini F. Hantz a/k/a Seini Hantz a/k/a Seinis F. Hantz. In this regard, the Court will award Judgment in favor of Plaintiff and against Defendants in the amount of $128,234.99 consisting of: the principal balance of $82,692.27; accrued interest from November 9, 2017 through April 9, 2022 of $20,087.53; accrued interest from April 10, 2022 until the date of entry of Judgment of $5,457.48; property inspection costs of $780.00; pre-acceleration late charges of $1,020.72; accrued forbearance interest between September 2017 and June 2018 during the Hurricane Maria foreclosure moratorium of $1,137.02; and reserve escrow of $17,059.97. The Court will deny without prejudice Plaintiff's request for $23,953.21 in attorneys' fees.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: June 21, 2023                                             _____/s/_____
                                                                             WILMA A. LEWIS
                                                                             District Judge